# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER J. LUCKY, | 1:07-cv-01799-GSA-PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT |
| v. | |
| P. L. VASQUEZ, et al., | ORDER DENYING PLAINTIFF'S MOTION OF FEBRUARY 23, 2009, AS MOOT (Doc. 16.) |
| Defendants. | ORDER FOR CLERK TO CLOSE CASE |

Plaintiff Peter J. Lucky ("plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the original Complaint commencing this action on December 10, 2007. (Doc. 1.) Pursuant to plaintiff's written consent, filed February 21, 2008, and Appendix A(k)(4) of the Local Rules of the Eastern District of California, this case is assigned to the undersigned to conduct any and all proceedings. (Docs. 9, 17.)

This action now proceeds on the First Amended Complaint filed on July 14, 2008. (Doc. 14.) In the First Amended Complaint, plaintiff alleges that doctors at Pleasant Valley State Prison ("PVSP") did not give him "fair warning," and by September 5, 2007 he was suffering from symptoms of Valley Fever, for which he tested positive. (Doc. 14, Amd Cmp at p. 2.) In the original Complaint filed on December 10, 2007, plaintiff indicated that he had filed an inmate appeal

grieving the incident, but the grievance process was not completed. (Doc. 1, Cmp at p. 4.) In the First Amended Complaint filed on July 14, 2008, plaintiff stated that he did not complete the appeal process because he was misinformed about the process by his 2001 edition of the Prisoner's Handbook. (Doc. 14, Amd Cmp at p. 2.) Plaintiff admits that he started the appeals process late due to his belief that he was exempt from the appeals process because he was seeking only money damages. (Doc. 16, Pltf's M at p. 1.)

On November 7, 2008, plaintiff filed a Motion for the court to order PVSP to accept his tardy inmate appeal. (Doc. 16, Pltf's M at p. 1.) Plaintiff submitted evidence that on July 8, 2008, he filed a CDC 602 grievance form at the prison, and the grievance was rejected on July 21, 2008 as untimely because it was not filed within fifteen days of when the incident occurred. (Doc. 16, Pltf's M, Exhibits at p. 4, 7.) Plaintiff also submits evidence that he appealed the decision, and on August 6, 2008 the appeal was rejected due to his untimely grievance. (Doc. 16, Pltf's M, Exhibits at p. 4.) Thus, plaintiff concedes the appeals process was not exhausted as of August 6, 2008.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The court takes judicial notice of the fact that the California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (2009). The process is initiated by submitting a CDC Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by

submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c).

In order to satisfy section 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2383 (2006); McKinney, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, 127 S.Ct. at 918-19 (citing Porter, 435 U.S. at 524). "All 'available' remedies must now be exhausted; those remedies need not meet federal standards, nor must they be 'plain, speedy, and effective.'" Porter, 534 U.S. at 524 (quoting Booth, 532 U.S. at 739 n.5).

Although plaintiff has explained that he was either misinformed or misunderstood the appeals process, there is no exception to the PLRA's exhaustion requirement. Whether or not plaintiff's appeal is subsequently accepted, plaintiff filed this suit before completing the appeals process at PVSP. Because it is clear from the face of plaintiff's complaint that he has not yet exhausted, this action must be dismissed. 42 U.S.C. § 1997e(a); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid grounds for dismissal . . . ."). As a result of the dismissal, plaintiff's Motion for the court to order PVSP to accept his tardy inmate appeal is moot and shall be denied as such.

Based on the foregoing, IT IS HEREBY ORDERED that

1. This action is DISMISSED, without prejudice, based on plaintiff's failure to exhaust administrative remedies prior to filing suit. However, Plaintiff may renew the action if he so wishes;

2. Plaintiff's motion for the court to order PVSP to accept his tardy inmate appeal, filed on February 23, 2009, is DENIED as moot; and

3. The Clerk is DIRECTED to close this case.

IT IS SO ORDERED.

**Dated:　March 30, 2009**　　　　　　　　**/s/ Gary S. Austin**
　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE